IN THE

# SUPREME COURT

OF THE

## STATE OF LOUISIANA.

---

## EASTERN DISTRICT:
NEW-ORLEANS, APRIL, 1832.

---

### MAIGNAN *vs.* GLEISES.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The rules relating to a commencement of proof in writing, contained in the old Civil Code, have not been re-enacted in the Louisiana Code; consequently, our laws are now silent on the subject of a beginning of written proof by oral testimony.

Where a sale is made for other purposes than those expressed in the act, it is in the power of the vendor to take a counter letter; and by failing to do so, he precludes himself from all possibility to annul, or in any manner change the contract.

Where third persons have an interest to set aside a contract, and allege fraud against its validity, parole evidence is, from necessity, admissible.

This was an action to rescind a contract of sale of real estate; and the grounds, as stated in the petition, were: That the sale was made solely for the purpose of securing to the defendant, the payment of certain moneys, which he had advanced to the plaintiff; and that it was understood between

the parties, at the time of the sale, that upon repayment of the advances, the property was to be reconveyed to the plaintiff. The petition averred, that the plaintiff had offered and was ready to reimburse to the defendant, but that the latter had refused to reconvey the premises. To this action the general issue was pleaded, and, on the trial of the cause, the plaintiff prayed a continuance, on the ground of an absent witness, by whom he stated, in his affidavit, he expected to prove the allegations in his petition. The counsel for the defendant objected to the continuance, on the ground that, were the witness present, the testimony would be inadmissible, as tending to disprove, by oral evidence, an act of sale of real estate. The counsel for the plaintiff then offered, in evidence, certain receipts of the defendant, for moneys had of the plaintiff, as a commencement of proof in writing, and, under it, contended that he was entitled to introduce oral evidence, in support of the allegations in his petition. The introduction of this testimony was objected to by the defendant's counsel, which objection being sustained, and the plaintiff ruled to trial, he took his bill of exceptions, and, from a judgement against him, the present appeal was taken.

*Seghers*, for appellant.

1. When there exists a document, forming what the law calls a beginning of proof in writing, the law admits, or, rather, it no longer prohibits, the admission of oral evidence. *Toullier, vol.* 9. *nos.* 60, 63, 64.

2. When the act is attacked, on account of fraud or deceit, the presumptions are left to the discretion of the court. *L. C. art.* 2267. 8 *Martin's Rep. N. S.* 267. *L. C.* 2245.

*Lockett, contra.*

1. The law does not admit parole evidence touching the rights of parties to real property; and even where fraud is alleged between the parties, such evidence ought not to be

received, because it was in the power of the complainant to have armed himself with a counter letter.  12 *Martin's Rep. pp.* 451—3.

2. In the 8*th vol. N. S. p.* 448, this court expressly decided that "parole proof of simulation in written contracts is not admissible in cases where the party, whose interest it may be to prove it, might have taken a counter letter."  See, also, *vol.* 1, *Miller's Rep. p.* 240, where parole proof was admitted in behalf of third persons, "because, as they were not parties to the act, it cannot be imputed to them, they did not take a counter letter."

3. But parole proof ought not to be admitted here, because fraud is not alleged, and the mere say so, of one of the parties to an authentic act, is not to annihilate it.  8 *Martin, N. S. p.* 448.

4. The old Civil Code, p. 310, art. 244, which speaks of " *commencement de preuve par ecrit*," is repealed positively by the act of the legislature, of 1828, p. 160, §25, in which all the old Civil Code is abrogated, except that part of it which treats of the dissolution of communities and corporations.  But, supposing it was not abrogated, the old Civil Code speaks of this *commencement de preuve par écrit*, as relating exclusively to moveables.  *Old Civil Code, p.* 310, *art.* 244.   No such article is in the new Civil Code; consequently, nothing but a counter letter or a written acknowledgement on the part of the defendant, will induce this court to grant the plaintiff's demand.

MATHEWS, J., delivered the opinion of the court.

This suit is commenced to compel the defendant to recon-vey to the plaintiff a lot of ground in the faubourg Marigny, which the former acquired from the latter, by an act of sale passed before Felix de Armas, notary public, on the twenty-eighth day of August, 1829.

The petitioner states the sale to be simulated, or, rather, a kind of *vente a remere,* alleging, that it was understood and agreed by the parties that the purchaser should reconvey to

EASTERN DIS.
*April*, 1832.

MAIGNAN
*vs.*
GLEISES.

the seller, on the latter refunding to him certain sums of money, which he had paid and advanced at and prior to the time when the sale was made.

There is no allegation or evidence of any counter letter having been taken by the vendor when the act of sale was executed, the notarial act evidencing a sale absolute and unconditional. The plaintiff, in support of his pretensions, offered in the court below, an account and receipt, relating to charges made by the defendant against him for rent, &c., as a commencement of proof in writing, and claimed a continuance of the cause to enable him to take the testimony of an absent witness. The continuance was refused on the ground that oral proof is not legally admissible to sustain the allegations of the petition. The court then proceeded to dissolve an injunction which had been obtained, and dismissed the suit, &c. From this judgement the plaintiff appealed.

The rules relating to a commencement of proof in writing contained in the old Civil Code have not been re-enacted in the Louisiana Code; consequently our laws are now silent on the subject of a beginning of written proof by oral testimony.

Where a sale is made for other purposes than those expressed in the act, it is in the power of the vendor to take a counter letter, and by failing to do so, he precludes himself from all possibility to annul or in any manner change the contract.

The rules relating to a commencement of proof in writing, contained in the Civil Code, have not been re-enacted in the Louisiana Code; and, by an act of the legislature, passed in 1828, all the provisions of the old Code were repealed, except those which relate to the dissolution of incorporations; consequently, our laws appear to be now silent on the subject of a beginning of written proof to authorize a continuance by oral testimony. It is clear, according to the provisions of the Louisiana Code, in relation to the transfer of real property and slaves, that parole evidence, alone, is inadmissible to prove the allegations of the petition in the present case. The act of sale, from the plaintiff to the defendant, purports to be absolute, and the evidence offered by parole is intended to show that the parties intended it to be conditional. See the *Code*, arts. 2255–6.

There is no direct allegation of fraud, and if the sale was made for other purposes than those expressed in the act, it was in the power of the vendor to have taken a counter letter expressive of the intentions of the parties; and by failing to do so, has precluded himself from all possibility, according to law, to annul or in any manner change the contract. See 8 *Martin*, *N. S. p.* 445,

Where third persons have an interest to set aside a contract, and allege fraud against its validity, or genuineness, parole evidence is, from necessity, admissible, because, being no parties to the deed, they have it not in their power to obtain any written statement of the true character of the instrument. We are of opinion, that the court below acted correctly in refusing a continuance of the cause; and that there is no error in its judgement by which the injunction was dissolved, and the suit dismissed.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the court be affirmed with costs.

EASTERN DIS.
April, 1832.

Where third persons have an interest to set aside a contract, and allege fraud against its validity, parole evidence is from necessity admissible.