GAUTIER v. BRIAULT.

Simulation, as between the parties to an authentic act, cannont be proved by parol.

APPEAL from the District Court of Lafayette, *Overton*, J.

*Mouton* and *Magill*, for the plaintiff.   Fraud may be proved by any species of evidence.   C. C. 1842, 1875.   2 An. 458, 908.   4. La. 351.   Greenleaf on Ev. 55, 248, 284.   2 Story's Equity, § 1531.

*Crow* and *Greig*, for the appellant.   The act cannot be contradicted by parol. C. C. 2256.   11 Mart. 630.   5 N. S. 250.   6 N. S. 206.   3 La. 460.   4 La. 169. 9 La. 566.   5 Rob. 116.   1 An. 108.   The act could be cancelled only on the production of a counter letter.   8 N. S. 448.   3 R. 452.   6 R. 447.

The judgment of the court was pronounced by

EUSTIS, C. J.   The plaintiff, in an authentic act, acknowledged himself to be indebted to the defendant in the sum of four thousand dollars, which he promised to pay as soon as he was able; and to secure the payment of the sum and interest he mortgaged certain property, described in the act, to the defendant, who was a party to the act and signed it.   The present suit is to annul that act, on the ground that there was no consideration for the acknowledgment of the debt, and that no debt whatever, either at the time or since, was due by the plaintiff to the defendant, and that the act was passed out of friendship solely for the defendant and to aid him in his business.   The plaintiff had judgment, and the defendant has appealed.

A bill of exceptions, taken by the defendant at the trial, presents the question, whether the alleged simulation of the act can be proved by witnesses.   The authorities cited by the counsel show that, it is a settled rule of our jurisprudence that, a simulation, as between the parties to an authentic act, cannot be proved by parol.   *Delahoussaye* v. *Davis*, 19 La. 411.

By the plaintiff's own allegations there was no fraud in the inception of the act, and the subsequent intent of the defendant to avail himself of its provisions, and exact the sum acknowledged to be due by the plaintilff, does not authorize the admision of parol evidence as to the cause or consideration of the act.

The case is, therefore, remanded to the District Court, with instructions to the judge to refrain from receiving the evidence of witnesses against the tenor of the authentic act; and it is ordered that the appellant pay the costs of this appeal.