(104 So. 367)

No. 25104.

INDUSTRIAL LUMBER CO. v. ROGERS.

SAME v. ROGERS et al.

(June 4, 1923. On the Merits April 27, 1925.)

*(Syllabus by Editorial Stuff.)*

1. **Appeal and error ⚖➡801 (4)—Appellate court cannot in advance of consideration of case on merits hear motion to dismiss demands contained in answer based on collateral attack on deed.**

Although appellate court has authority and duty to dismiss appeals, or transfer them to proper appellate court when it is without jurisdiction, or dismiss them when transcript has not been timely filed, or when party to record has not been cited to answer appeal and fault is imputable to appellant, it cannot in advance of consideration of case on merits dismiss demands in answer on collateral attack against deed on which they were based, whether such attack is made by original party or interveners.

On the Merits.

2. **Deeds ⚖➡65, 67—Sales; payment of purchase price by purchaser and subsequent sale of property held to constitute acceptance of deed; acceptance cures grantee's failure to sign deed.**

Payment of purchase price and subsequent sale of property by purchaser constitutes acceptance of deed to such purchaser and cures failure of grantee to sign deed.

3. **Deeds ⚖➡65—Sales; acceptance of conveyance may result from acts of party in whose favor it is made in availing himself of stipulations or in doing act indicating acceptance.**

Acceptance of conveyance may result from acts of party in whose favor it is made in availing himself of its stipulations or in doing some act indicating his acceptance; written acceptance of act of sale not being necessary.

4. **Logs and logging ⚖➡2—Deed not subject to annulment because of condition for reconveyance within one year if demanded.**

Regardless of effect of Act No. 188 of 1904, making standing timber an immovable, agreement of purchaser upon cutting and removal of timber to reconvey to vendor, if demand should be made within one year from removal of timber, where heirs of vendor did not apply to court to fix reasonable time within which timber should be removed, did not render act of sale invalid because of creating potestative condition.

5. **Injunction ⚖➡199—Defendant enjoined from cutting and removing timber held entitled to reimbursement under alternative demand for taxes paid by them.**

In suit to enjoin trespass and removing timber, in which defense was that sale of land by their predecessor in interest to plaintiff's predecessor was never completed and was not valid, on rendering judgment for plaintiff, defendant should be reimbursed under alternative demand for amount of taxes paid.

Appeal from Twelfth Judicial District Court, Parish of Vernon; J. H. Boone, Judge.

Suit by the Industrial Lumber Company against L. Z. Rogers and another, in which certain heirs of John Legg, deceased, made themselves defendants, instead of formally intervening. From a judgment for defendants, including heirs of John Legg, plaintiff appeals, and moves to dismiss demands contained in defendant's answer. Motion to dismiss denied, judgment annulled, and judgment ordered for plaintiffs and for defendants to extent of taxes paid on certain property.

Pujo & Bell, of Lake Charles, and C. E. Hardin, of Leesville, for appellant.

P. L. Ferguson, of Leesville, for appellees.

OVERTON, J. Before stating the issue to be determined, it may be well to say that the suit first named in the title is not before us, but is now before the Court of Appeal for the first circuit; and hence, no further reference will be made to that case. It is otherwise, however, as to the case last named in the title. That case is on appeal to this court. In it, the Industrial Lumber Company alleges that it is the owner of a certain tract of land, lying in the parish of Vernon; that L. Z. Rogers and E. R. Legg are trespassing on the property, and are attempting to remove timber from it;

that it has protested against the acts of Rogers and Legg, but notwithstanding these protests, both threaten to continue the trespass and to remove the timber. The Industrial Lumber Company, therefore, prays that an injunction issue prohibiting Rogers and Legg from continuing to trespass on the property; from removing or attempting to remove the timber from the land; and from doing any act which would interfere with the enjoyment of plaintiff's possession; and prays that the injunction, after due trial, be perpetuated.

The defendants, E. R. Legg, one of the heirs of John Legg, deceased, and L. Z. Rogers, filed an answer to the suit. In their answer, they were joined by the remaining heirs of John Legg, deceased, who made themselves, of their own motion, defendants in the suit, instead of formally intervening therein. These heirs, together with Rogers and Legg, deny that plaintiff is the owner of the property, and aver, among other matters of defense, that those of the defendants who are the heirs of John Legg are the owners of the property; that John Legg acquired the land in 1901; that in 1902, Legg entered into a contract with the Wright-Blodgett Lumber Company, through whom plaintiff claims title, to sell that company the timber on the land; that it was not Legg's intention to sell the land itself; that this contract, which purports to be a sale, was never accepted by the Wright-Blodgett Lumber Company; that it was abandoned some years ago; and, moreover, that it contains a potestative condition, and hence is null. Defendants, therefore, pray that plaintiff's demand be rejected, and those of them, who are the heirs of John Legg, pray that they be recognized as the owners of said property, and for the cancellation of the inscription in the conveyance records of certain documents, unnecessary to mention, affecting the title to the land.

The lower court, after trial on the merits, rendered judgment in favor of defendants, including as such, the heirs of John Legg. Plaintiff has appealed from that judgment.

[1] In this court plaintiff has filed a motion to dismiss the demands contained in defendant's answer for want of proper parties. In their brief learned counsel for the plaintiff explains his position, by saying:

"The court's attention is invited to the fact that the motion is not filed for the dismissal of the case, as such action would operate, in effect, an affirmance of the judgment from which plaintiff is appellant; but, for the dismissal of defendant's demand to annul and erase the contract for want of acceptance by the grantee, and for want of mutuality."

Counsel for plaintiff also states that those of the heirs of John Legg, who have made themselves parties to this suit, and their coheir E. R. Legg, who was made a defendant, and we take it, the remaining defendant, by alleging the nullity of the title under which plaintiff claims, and by demanding the erasure of the inscription of that title from the conveyance records, have made themselves plaintiffs in reconvention, with respect to their demand for nullity and for the erasure of said inscription, and that the purpose of the motion to dismiss, for want of proper parties, is to eliminate that branch of the case, thus leaving plaintiff's right to the injunction the only issue to be determined. Counsel for plaintiff also call attention to the fact that the defendants seek to cancel the deed from John Legg to the Wright-Blodgett Lumber Company, when that company, and other parties at interest, are not parties to the suit. Counsel then argue that, as the deed is not null on its face, it is not subject to collateral attack.

While we think that those of the defendants, who have made themselves parties to this suit, are, properly speaking, interveners rather than plaintiffs in reconvention, but be that as it may, whether they are de-

fendants, plaintiffs in reconvention, or interveners, there is no authority in law for entertaining a motion of this description. It is true, we have authority, and it is our duty, to dismiss appeals or transfer them to the proper appellate court, when we are without jurisdiction, or to dismiss them when the transcript has not been timely filed, or when a party to the record has not been cited to answer the appeal and the fault is imputable to the appellant, or for other sufficient cause, yet the rules of practice do not authorize or require us to determine, in advance of the consideration of the case on the merits, whether the answer of a defendant contains a defense, which is unavailing, or to be more specific, a collateral attack on a deed, when a direct action is necessary to annul the deed, should that be the case here, and if we should so find, then to dismiss that branch of the case, as a preparatory step to the hearing and determination of the rest of the case on its merits. And the same is true as to an intervener, or as to one who may occupy that position, whatever he may term himself, should he, in his intervention, attack a deed collaterally, when a direct action is necessary. Such a matter is properly heard when the case is presented on its merits, and no motion is necessary in order to bring the matter to the attention of the court. If the court in such a case, finds that the attack made cannot be maintained, because the necessary parties are not before it, the court will not maintain it, but will make such disposition of the matter as law or equity demands.

For the reasons assigned, the motion to dismiss is denied, reserving to appellant, if it should deem proper to exercise it, the right to present, in argument and brief, in the presentation of the merits of the case, its contentions as to the nature of the attack, and the want of necessary parties.

### On the Merits.

ROGERS, J. Plaintiff, as the owner of a tract of land in the parish of Vernon, seeks, in this suit, to enjoin L. Z. Rogers and E. R. Legg from trespassing on said property and from removing or attempting to remove the timber therefrom.

The original defendants were joined in their answer by certain coheirs of Legg. The defense is a denial of plaintiff's ownership. Defendants aver that, with the exception of Rogers, they are the heirs of John Legg, the original owner of the property; that John Legg contracted to sell the timber, but not the land, to the Wright-Blodgett Lumber Company, through whom plaintiff claims; that the said contract of sale was never accepted by the said vendee, and was abandoned some years ago. In the alternative, defendants allege that the contract is null because it contains a potestative condition. And, as a further alternative, should the court hold the plaintiff to be the owner of the property, they pray for reimbursement of the amount of taxes paid by them.

The court below gave defendants judgment, and plaintiff has appealed.

In this court, plaintiff filed a motion to dismiss defendants' demands for want of proper parties. This motion was denied, with reservations, and the case is now before us on the merits.

The facts are undisputed. It is shown by the record that John Legg, on January 25, 1902, sold to the Wright-Blodgett Company, Limited, the property described in plaintiff's petition. The consideration of the sale was $220, and the deed stipulated that the vendor, or his heirs and assigns, were entitled to a reconveyance of the land by quitclaim, if demanded within one year after the cutting and removal of the timber. The instrument was verified by one of the attesting witnesses, and was recorded February 17, 1902, in the conveyance records of the parish of

Vernon. The signature of the Wright-Blodgett Company by one Elijah J. Boyd was affixed to the deed in the presence of two witnesses, apparently, on January 31, 1906. Although what purports to be a notarial acknowledgment of these signatures is appended to the deed, it was not signed by the notary before whom it is purported to have been made. It was recorded, however, in the conveyance records of Vernon parish on February 27, 1906.

It is specifically admitted that the plaintiff acquired title to the property under a chain of deeds set up and supported by sufficient consideration, although the legal effect of the deed from John Legg to the Wright-Blodgett Company is disputed.

[2, 3] In these circumstances, it becomes unnecessary to determine the legality, vel non, of the purported acceptance of the deed from John Legg by the Wright-Blodgett Company which was recorded on February 27, 1906. The payment of the purchase price by the vendee, and the subsequent sale of the property by said vendee were acts which in themselves constituted an acceptance of the deed. The law does not require the written acceptance of an act of sale. The acceptance may result from the acts of the party in whose favor it is made in availing himself of its stipulations, or in doing some act which indicates his acceptance. Saunders v. Bolden, 155 La. 136, 98 So. 867, and authorities therein cited.

Payment of the price and the assignment of the deed cures the failure of the grantee to sign the deed. Savage v. Wyatt Lbr. Co., 134 La. 627, 64 So. 491.

The act of sale having been accepted, impliedly at least, by the vendee, the Wright-Blodgett Company, it cannot be annulled on that ground.

[4] Defendants further dispute the validity of said act of sale on the ground that it contains a potestative condition. It is argued that the agreement of the vendee, upon the cutting and removal of the timber, to reconvey the land to the vendor, his heirs or assigns, if demand for such deed be made within one year from the removal of the timber, did not limit the time within which such removal should take place, nor provide that the timber should ever be removed, but left the determination of these matters solely to the discretion of the vendee, or its assigns, thus creating a potestative condition, the execution of which was solely dependent upon its will.

We do not think this proposition is tenable. The case of Blackshear v. Hood, 120 La. 966, 45 So. 957, cited by defendant is not precisely in point. In the cited case the trees were to be paid for only when they were cut down and removed. Under the terms of the agreement, defendant did not bind himself to cut any trees at all, and the court held the agreement void for lack of mutuality.

On the other hand, in Shepherd v. Davis Lbr. Co., 121 La. 1011, 46 So. 999, this court held that the omission from a contract for the sale of timber of any time within which the purchaser shall remove the timber does not rob such contract of mutuality of obligation, since such omission can be supplied by application to the court.

In Kavanaugh v. Frost-Johnson Lumber Co., 149 La. 972, 90 So. 275, this court also held:

"Until a period is fixed by agreement of the parties, or by the proper court, upon application made to it, the right to remove the timber remains in the grantee indefinitely"—citing Big Pine Lumber Co. v. Hunt, 145 La. 342, 82 So. 363; Simmons v. Tremont Lbr. Co., 144 La. 719, 81 So. 263.

In Ward v. Hayes-Ewell Co., 155 La. 15, 98 So. 740, the jurisprudence on the subject was reviewed, wherein it was shown that this court has consistently held, whether before or since the adoption of Act 188 of

1904, that standing timber was property subject to be acquired separately from the land, but that when sold it must be cut and removed within the period agreed upon by the parties or fixed by the court, in default of agreement; otherwise it reverts to the owner of the land.

Now, it is not pretended that John Legg, nor his heirs who are defendants in this case, ever applied to the court to fix a reasonable time within which plaintiff should remove the timber from the land described in plaintiff's petition, and thus put an end to the indefinite extension of time for the removal of the timber, which has remained in the grantee or his heirs, by reason of the absence in the original contract of an agreed period for said removal. Until this is done, and plaintiff has defaulted on its obligation to remove said timber as shall be interpreted and fixed by the court, defendants have no standing to annul said contract.

[5] We think, therefore, that the judgment of the court below is erroneous and must be set aside; but defendants should be reimbursed, under their alternative demand, for the amount of taxes which they have paid on the property.

For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that there be judgment in favor of plaintiff, the Industrial Lumber Company, and against defendants, perpetuating the preliminary injunction herein issued against L. Z. Rogers and Ed. Legg enjoining them and each of them from disturbing plaintiff in the possession of the property described in its petition, from entering upon said property, and from removing or attempting to remove the timber, or any part of the same, from said land, and dismissing all the demands, with the exception of the claim for taxes paid, as contained in their answer, of Mrs. Eliza Legg, E. R. Legg, A. W. Legg, Jane Gray, Isadora Dyes, Annie Coleman, Matt Legg, Dorothy Calhoun, Louise Gipson, and Marceline Akin; with full reservation of the right of all the defendants to apply to the court to fix a reasonable time within which plaintiff should remove the timber from the land described in plaintiff's petition and to demand the reconveyance of the land after the removal of the timber as stipulated in the original contract. It is further ordered that there be judgment in favor of said defendants and against the plaintiff in the full sum of $100, amount of taxes paid by them on said property, with legal interest thereon from judicial demand, June 20, 1921. Defendants to pay all costs.