JANVIER, Judge.
Julian J. Loeb, who conducts his business under the trade name “The.National Roofing & Siding Company,” seeks recovery from Adolph Candias of $1,442.32, together with interest, attorney’s fees, the cost of recording a lien, and all other costs. Included in the amount sued for is a state “Sales” tax on the principal amount.
Plaintiff alleges that under a written contract he furnished and installed aluminum siding on a residence owned by Candias in the Parish of St. Charles, and that, under a subsequent verbal agreement, he installed certain guttering on the said building and that Candias has refused to pay the contract price agreed upon for the siding and the proper cost of installing the guttering. He alleges that Candias is a citizen and resident of the State of Mississippi and he prays that the real estate in question be attached and held subject to the satisfaction of such judgment as might be rendered against Candias.
Defendant Candias, having bonded and thus released the attachment, answered admitting the execution of a written contract for the furnishing of the siding and admitting also that there had been a subsequent verbal agreement under which plaintiff was to install certain guttering. He avers, however, that the siding has never been properly installed and that the guttering was to be installed only on the “house” portion of the building and not on the breezeway and carport and that therefore he is not liable for the entire cost of guttering. He further avers that even if the siding had been properly installed, he would be liable for only seventy-five per cent of the contract price of $1,196 since there was a verbal agreement which was entered into at the time of the signing of the contract under which he was to receive a credit of twenty-five per cent if he would allow plaintiff “to advertise the property and to show it to prospective customers.”
There was judgment in favor of plaintiff for $916.20 which, according to the reasons for judgment, was made up of two items, $897 on the contract for siding and $19.20 on the agreement for the installation of guttering. The $897 represents seventy-five per cent of the contract price for the siding and $19.20 represents the allowance for the guttering on what has been referred to as the house portion of the entire structure. There was no allowance for sales tax, interest, attorney’s fees or for costs, and there was no' recognition of the lien claimed by plaintiff resulting from the attachment which was based on the fact that defendant is a non-resident. Plaintiff was ordered to pay all costs. He has appealed.
*487 In his reasons for judgment the District Judge stated that there had been a verbal agreement under which defendant was entitled to a twenty-five per cent reduction on the amount agreed upon in the written contract and that therefore the amount shown in the written contract should be reduced to $897. He further said that he found that the siding had never been properly installed but that inasmuch as the defendant had not shown what would be the cost of correcting the defects he would be liable to plaintiff for the contract price less the twenty-five per cent resulting from the contemporaneous verbal agreement.
We are unable to agree with the conclusions of the District Judge on his finding that the defendant had executed the contract as a result of being misled by the plaintiff, and we are unable to agree that the subsequent verbal understanding as to the installation of the guttering contemplated only the house portion of the structure.
When we consider the contract for the installation of the siding, defendant admits that he signed the document sued on, but he says that when he and the plaintiff were discussing the contract which they were to enter into, he noticed that the price stated was $1,196 and he objected and told plaintiff that, since he was to receive a twenty-five per cent reduction, the contract price should be reduced accordingly. He says that the plaintiff told him that the document was not a contract but was only an agreement under which plaintiff could commence work on the building. While there is some slight corroboration of the fact that there was a discussion of the possible reduction, we find nothing which would indicate that defendant was misled by plaintiff. The entire situation was discussed; defendant knew that he was executing a contract, and we cannot allow a reduction based on statements made at that time. It was contemplated that there was to be a written contract and a written contract was actually signed by defendant after these discussions. In such a situation parol evidence is inadmissible. To this effect from one of the latest cases, Krauss v. Fry, 209 La. 250, 24 So.2d 464, 466, we quote the following:
“In the absence of fraud or error, parol evidence is inadmissible, as a general rule, against or beyond what is mentioned in a written act or as to what may have been said before, or at the time of making it, or since. [LSA-C.C.] Article 2276. See, also, Article 2236; Maignan v. Gleises, 4 La. 1, Badon v. Badon, 4 La. 166, Gautier v. Briault, 4 La.Ann. 487, Locascio v. First State Bank & Trust Co., 168 La. 723, 123 So. 304; Franton v. Rusca, 187 La. 578, 175 So. 66; Unity Industrial Life Ins. Co. v. Dejoie, 202 La. 249, 11 So.2d 546.”
Nor do we feel that the charge for the installation of guttering should be based on the amount of guttering which would have been required for only a very small portion of the structure. Defendant says that when plaintiff was asked what would be the charge for guttering, plaintiff answered that he could not state exactly but that he felt certain that it would not exceed $250. The charge subsequently made was $225.
Since defendant agreed to have the guttering done if the price would not exceed $250, we cannot believe that he intended that the guttering should be put only on the house portion since, if that was his intention, anything resembling a charge of $250 would have been tremendously exorbitant.
Furthermore, the photographs in evidence indicate that the so-called breezeway and carport are really parts of one entire structure, and we see no reason for plaintiff to understand that defendant contemplated putting guttering on only a very small portion of the structure.
*488 • Plaintiff is entitled to recover for the entire amount shown in the contract for the installation of the siding, $1,196 and $225 for the installation of the guttering, making a total of $1,421.
Plaintiff is also entitled, under the written contract for the installation of the siding, to twenty per cent as attorney’s fees but he is not entitled to attorney’s fees based on the subsequent verbal contract for guttering since there was no stipulation in that contract providing for attorney’s fees.
At the time at which this suit was filed defendant was domiciled in the State of Mississippi. Thus plaintiff was entitled to the issuance of the writ of attachment. Code Prac. art. 240.2. He is entitled to recover the amount expended for the recordation of the lien, to-wit $5.
That part of this controversy which is based on the contention of the plaintiff that he is entitled to collect the so-called “sales” tax in addition to $1,196 for the furnishing and installing of the siding and $225 for the furnishing and installing of guttering is most interesting and makes necessary a careful study of the “sales” tax statute LSA-R.S. 47:301 et seq., as amended by Act 290 of 1954.
Included in both the $1,196 charge and in the $225 charge there is necessarily included the actual cost to the contractor of the material used by him. The contractor is the purchaser of these materials, with the necessary result that he, the contractor, must pay the sales tax on the purchase of these materials.
We think that where a contractor fixes a price for the furnishing and installing of material on real property, if he is to recoup the sales taxes which he must pay, he must do so by fixing a contract price sufficiently high to include such taxes, together with the cost of the material.
The contractor (plaintiff) contends that he could not do this since, as between himself and the defendant, he is a dealer, and thus, by LSA-R.S. 47:304, he is prohibited from absorbing any part of such tax. Such a contractor is not a dealer within the contemplation of the “sales” tax law. The word “dealer” is clearly defined in the statute and nowhere is a contractor who repairs or constructs or improves real property defined as a dealer.
It is true that in section 301, paragraph 4, in which the meaning of the word “dealer” is defined, among other definitions appears the following:
“(f) any person, who sells or furnishes any of the services subject to tax under this Chapter;”
However, we direct attention to the final phrase of this sub-paragraph (f), which we now repeat: “services subject to tax under this Chapter.” And we turn to paragraph 14 to determine what services are subject to tax and do not find that repairs to or improvement of real property is included as a sale of services under the statute. It will be noted, on the other hand, that “the furnishing of repairs to tangible personal property” is contemplated as a service which is taxable under the statute. By thus including repairs to personal property and so carefully wording that particular paragraph, there was evidenced an intention to exclude repairs to real property. This is made even more evident by a reading of paragraph 16 of section 301 which defines tangible personal property as property “which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. * * *".
As a result of the quoted provisions of the statute, we conclude that the cost of installing the material is not subject to a sales tax and that therefore the contractor cannot collect from the defendant any amount which would represent sales taxes on his own services in making the installations.
Our conclusion is that the contractor, as the purchaser of the materials used in the *489 carrying out of his contract, must pay the sales taxes due on those purchases and that if it was his purpose to pass those taxes on to the defendant here he should have so stated in the contract.
The judgment appealed from is amended to as to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Julian J. Loeb, doing business as The National Roofing & Siding Company, in the sum of $1,426 together with attorney’s fees at 20 per cent on $1,196, and legal interest on the entire amount from judicial demand, with recognition of the lien resulting from the recordation thereof, defendant to pay all costs.
Amended and affirmed.