McBRIDE, Judge.
Nathan Piliawsky, a licensed plumber who operates his business under the trade name Fix It Shop, having, through a subcontractor, installed in a residence certain plumbing fixtures furnished by the owner and having done other plumbing work and installed other fixtures furnished by him, brought this suit against Joseph G. Colar, Jr., the owner of the residence, and prayed for judgment against him in the amount stipulated in the contract, to-wit $840.00.
Defendant admitted that he and his wife had signed the contract and that the work had been properly done in accordance with the contract. However, he refused to pay the contract price, averring that the plumbing fixtures could not be used since there was no sewer lines to which they could be connected; that plaintiff was aware of this and should have advised him accordingly and that, in fact, plaintiff was guilty of fraud for the reason that a solicitor or agent of the plaintiff advised the defendant that there “would be street sewerage to which his sewer lines could connect.”
In the Second City Court for the City of New Orleans there was judgment dismissing the suit and plaintiff has appealed.
In the written contract it was stipulated that the work would be subcontracted and there were further stipulations reading as follows:
“Fix It Shop is not responsible for any sewer in street, or the cost of obtaining sewer in the street.”
The work was first subcontracted by Pili-awsky to David R. Campbell, a licensed plumber, who made application to the Sewerage and Water Board for necessary permission to do the work. After the permit was issued, for some reason not shown, the work was again sublet to Alfred S. Cohen, another plumber who actually did the work and who was paid for the work by the plaintiff, Piliawsky.
The Sewerage and Water Board made the necessary inspection, and no objections could be found thereto.
The defense of Colar is based on the contention that an agent of Piliawsky, Reverend Quinn, who solicited contracts for Piliawsky, had told defendant that, though there was no sewer line in the street, he, the Reverend Quinn, was obtaining requests for the installation of such a line and that it would be installed as soon as he could secure six applications. Defendant also says that Reverend Quinn told him that he was certain that the sewer line would be installed in the street in from three to six months. Defendant admits that at no time did he discuss the sewer situation with Piliawsky himself, he being the contractor with whom defendant had entered into the contract.
Counsel for defendant stresses in argument that Reverend Quinn was guilty of making fraudulent representations that the sewer line would be installed in the street in from three to six months, and that defendant, relying on said fraudulent assertions, was induced to enter into the contract and that said contract is null and void because of such fraud attributable to plaintiff’s agent. We do not believe that any fraudulent misrepresentations were made to defendant or that the contract was procured by any fraud on the part of Reverend Quinn. The Reverend Quinn was not produced as a witness by plaintiff and the Judge a quo commented on this saying that he no doubt could have shed light on the question of just what he had told the defendant. However, according to defendant himself, it seems very doubtful whether Quinn actually said that the line would be installed in so short a time as from three to six months. It is also very doubtful whether Quinn told him that he had *732 already obtained the necessary applications. In fact, in the beginning of his testimony defendant said that Quinn had told him that the sewer line would be installed “if” he could obtain six applications and then, apparently led by his attorney, he said that Quinn told him that he already had the necessary applications.
There is some contention to the effect that, by applying to the Sewerage and Water Board for permission to do the work and to install the fixtures, the plumber who made the application under which the work was done in effect undertook to see to it that the sewer line would be installed. The record does not justify this conclusion. A permit for the installation of the fixtures and the doing of the plumbing work would have been issued whether the plumbing line was to be connected to a sewer or to a septic tank, and it is shown that it is always necessary to obtain such a certificate and that when the work is completed, if the outlets are connected to either a sewer line or a septic tank, the final certificate is then issued by the Sewerage and Water Board.
Defendant was well aware of the situation when he and his wife signed the contract. This is shown by the fact that on November 10th, which was on the fourth day after the contract had been signed, he wrote to the Sewerage and Water Board a letter which is required by the Board where there is no sewer or septic tank. This letter reads as follows:
“November 10th, 1956
“Sewerage & Water Board of N.O.
“526 Carondelet Street “New Orleans, Louisiana
“Gentlemen:
“We take full responsibility for our plumbing and sewer installation, and promise to guarantee that we will not use any of the plumbing facilities whatsoever until sewer has been installed in the street in front of our house, and the sewer from our plumbing tied into it.”
“Yours very truly,
“Signed: Joseph G. Colar, Jr.”
We feel that all that is shown is that defendant hoped that the sewer line would be installed within a short time after the installation of the fixtures and that possibly to some extent he was misled in this by optimism on the part of Reverend Quinn, agent of Piliawsky. However, defendant was well aware of the situation and knew when he signed the contract that there had been no commitment by the Sewerage and Water Board to install the sewer line. With that knowledge defendant should not have signed the contract if he had any misgiving as to whether he could use the fixtures.
It is well settled that where there are preliminary prior discussions which ultimately are consummated into a written contract, that written contract evidences the complete understanding of the parties and neither may point to prior conversations as authorizing a change from the terms of the written contract. LSA-Civ.Code Art. 2276; Davis v. Dees, 211 La. 229, 29 So. 2d 774; Loeb v. Candias, La.App., 106 So. 2d 485.
The Judge a quo said that, though he found no fraud on the part of plaintiff, the application of equitable principles required that the defendant be not obliged to pay for plumbing work and fixtures of which he could not make use. On the other hand, however, we think that the plaintiff who completed in every detail the requirements of his contract should not be deprived of the contract price because of the fact that the other party contracted without full knowledge as to whether the work would benefit him.
The judgment appealed from is annulled, avoided and reversed, and there is now judgment in favor of Nathan Piliawsky, d/b/a Fix It Shop, and against Joseph G. *733 Colar, Jr., in the full sum of $840, with legal interest from judicial demand and for all costs.
Reversed.