257 So.2d 167 (1971)
Robert B. NEBLETT, Jr., Plaintiff and Appellant,
v.
PLACID OIL COMPANY et al., Defendants and Appellees.
No. 3494.
Court of Appeal of Louisiana, Third Circuit.
August 20, 1971.
On Rehearing January 21, 1972.
Writ Refused March 3, 1972.
*169 Greene, Ayres & Mayo by Robert K. Mayo, Shreveport, and Neblett, Fuhrer & Hunter by Walter M. Hunter, Jr., Alexandria, for plaintiff-appellant.
Armand A. Gutierrez, Dallas, Tex., Shuey & Smith, by W. Gene Carlton, Shreveport, Lloyd Teekell, Alexandria, Cook, Clark, Egan, Yancey & King, by Clarence L. Yancey, Shreveport, Gravel, Roy & Burnes, by Stephen E. Everett, Before C. O. Brown, Mike Wahlder, Gold, Hall, Hammill & Little, by F. A. Little, Jr., Garrett, Ryland & Downs, by B. Dexter Ryland, Alexandria, for defendants-appellees.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
CULPEPPER, Judge.
This is a petitory action. Plaintiff seeks a judgment recognizing his ownership of an undivided one-half interest in the oil, gas or other minerals on or under ten acres of land in Rapides Parish. Defendants are adverse claimants in possession. The district judge sustained defendant's exception of no cause of action and dismissed plaintiff's suit. Plaintiff appealed.
The principal issue is the effect of a "Correction Deed", which described a different ten acres of land from that described in the original deed, but does not mention a mineral reservation which was contained in the original deed.
In his petition, plaintiff delineates his title back to the common author as follows:
"(a) Cash sale dated July 23, 1956, from Louis Reeves to William A. Reeves, recorded in Conveyance Book 500, page 182;
"(b) Judgment dated April 23, 1959, in proceedings entitled `Succession of William A. Reeves' Probate Docket No. 9513, recorded in Conveyance Book 542, page 551;
"(c) Correction deed dated April 13, 1959, from Louis Reeves to Lorina Marie Reeves, recorded in Conveyance Book 552, page 215;

*170 "(d) Sale and mortgage dated February 24, 1960, from Lorina Marie Reeves to Mrs. Norton R. Roberts, recorded in Conveyance Book 547, page 225;
"(e) Sale and mortgage dated March 7, 1960, from Mrs. Norton R. Roberts to Percy Aymond, recorded in Conveyance Book 547, page 245;
"(f) Cash sale dated June 7, 1962, from Percy Aymond to Larry A. Morace, recorded in Conveyance Book 663, page 299;
"(g) Mineral sale dated June 29, 1966, from Larry Alfred Morace to Robert B. Neblett, Jr., recorded in Conveyance Book 685, page 206;"
Certified copies of the above described instruments are attached to plaintiff's petition by reference and are included in the record before us. The issues on appeal relate to the cash sale dated July 23, 1956 from Louis Reeves to William A. Reeves, hereinafter referred to as the "original deed", and the correction deed dated April 13, 1959 from Louis Reeves to Lorina Marie Reeves, widow of William A. Reeves. The original deed conveys ten acres in the Northwest quarter of the Southeast quarter of Section 28, Township 5 North, Range 3 East, and in that deed the vendor reserves all of the oil, gas and other minerals. The correction deed is not drawn in the customary manner, with an express statement as to the errors sought to be corrected. Instead, the words "Correction Deed" are superimposed on a printed form for a cash sale instrument. The consideration is stated to be "the price and sum previously paid per Conveyance Book 500, page 182, dated filed and recorded July 23, 1956." The "Correction Deed" then follows the printed form and states that for the consideration set forth the vendor conveys to the vendee ten acres of land described as being located in the Northeast quarter of the Southeast quarter of Section 28, Township 5 North, Range 3 East, all as more fully shown by a plat attached. The correction deed contains no mention whatever of the mineral reservation nor any other language explaining the purpose and intent of the parties.
We will first dispose of defendant's argument that the correction deed, under which plaintiff claims the minerals at issue, is invalid and of no effect whatsoever since it was executed only by the original vendor, Louis Reeves, and was not signed by Lorina Marie Reeves, widow of the original vendee, William A. Reeves. The argument here is that a correction deed must be accepted and signed by all parties thereto.
Of course, this is the general rule under LSA-C.C. Article 1798, which provides that every contract requires an offer and an acceptance. However, jurisprudence has established the rule that the acceptance of a contract need not be expressed in it, nor is it indispensable that the act be signed by the party in whose favor it is made. It is sufficient to show acceptance by some act which clearly indicates acceptance. For instance, in Succession of Jenkins, 91 So.2d 416 (La.App. 2d Cir. 1956) the court held that a deed which recited that the purchasers assumed a mortgage, but which was not signed by the purchasers, nevertheless was accepted by the acts of the purchasers in later executing oil and gas leases covering the property. In Saunders v. Bolden, 155 La. 136, 98 So. 867, the court held that a deed, not signed by the grantee, was nevertheless accepted by his taking possession of the land and later selling it. See also Balch v. Young, 23 La.Ann. 272; Industrial Lumber Company v. Rogers, 158 La. 557, 104 So. 367, and Cerami v. Haas, 195 La. 1048, 197 So. 752.
Applying this jurisprudence to the present case, it is clear that although the grantee, Lorina Marie Reeves, did not sign the correction deed, she accepted it, since within a year thereafter she sold the property described in the correction deed to *171 Mrs. Norton R. Roberts for a consideration of $8,500.
The principal issue is the effect to be given the original deed and the correction deed. Plaintiff contends the correction deed is clear and unambiguous, that it corrects the description of the property conveyed but omits any mention of the mineral interest which had been reserved in the original deed, and therefore the correction deed conveyed the minerals to Mrs. Lorina Marie Reeves. On the other hand, defendants argue that the original deed and the correction deed must be construed together to determine their effect and, when this is done, it is apparent that the sole purpose of the correction deed was to correct the property description and to leave unchanged the mineral reservation contained in the original deed.
In a petitory action, where the defendant is in possession, the plaintiff must "make out his title", LSA-C.C.P. Article 3653. This means that all of the instruments on the public records affecting the ownership of the property, back to a common author, must be considered. The plaintiff cannot single out one instrument and disregard the others, Wise v. Watkins, 222 La. 493, 62 So.2d 653 (1952). Plaintiff obviously recognizes this rule since he has delineated his chain of title back to the common author and relies on all of these instruments to prove his ownership.
Also applicable here is the jurisprudence that all persons have constructive notice of the existence and contents of recorded instruments affecting the ownership of immovable property, and if a recorded instrument fairly puts a purchaser on inquiry as to some question in the title, he buys at his own risk, Wells v. Joseph, 234 La. 780, 101 So.2d 667 (1958); Brown v. Johnson, La.App., 11 So.2d 713, and Arnold v. Sun Oil Company, 218 La. 50, 48 So.2d 369.
In the present case, an examination of the original deed and the correction deed should have fairly put the plaintiff purchaser on inquiry that the two deeds are in conflict and there is a question as to whether the parties to the correction deed intended that the mineral reservation remain unchanged. Hence, we reject plaintiff's argument that he has a right to rely solely on the correction deed which makes no mention of a mineral reservation. We agree with defendant's position that the original deed and the correction deed must be construed together in an effort to determine their effect.
Plaintiff filed a supplemental petition in which he alleges in the alternative that if the correction deed is ambiguous, in that it does not expressly state whether the mineral reservation remained unchanged, then extrinsic evidence is admissible to show the intent of the parties to the correction deed, citing Collins v. Brunet, 239 La. 402, 118 So.2d 454; Krauss v. Fry, 209 La. 250, 24 So.2d 464 (1945); Union Bank v. Roy, 248 La. 801, 182 So.2d 319 (1965), and LSA-C.C. Article 2474.
We find the correction deed is ambiguous. With the exception of the facts that the words "Correction Deed" are typed on this printed form for a cash sale, and the consideration is stated to be that which was paid in the original deed, the correction deed reads like any other cash sale instrument. There is no express statement as to the mutual error which the parties sought to correct. It is true that the ten acres is described in the correction deed as being located in the "Northeast quarter", whereas in the original deed it is described as being in the "Northwest quarter", but the parties do not state that the purpose of the correction deed is to correct the description of the property. Actually, it could be argued that the correction deed conveys an additional ten acres. Furthermore, the correction deed makes no mention whatever of the mineral reservation which was contained in the *172 original deed. It does not expressly state whether the parties intended that the mineral reservation remain unchanged or that it be removed. The correction deed is susceptible of either construction and is therefore ambiguous. In this situation, the jurisprudence is clear that extrinsic evidence is admissible to show the intention of the parties. See the similar case of Krauss v. Fry, 209 La. 250, 24 So.2d 464 (1946) and the authorities cited therein.
In sustaining defendant's exception of no cause of action, the district judge based his decision on LSA-C.C. Article 2271 which reads as follows:
"Art. 2271. Recognitive acts do not dispense with the exhibition of the primordial title, unless its tenor be there specially set forth.
"Whatever they contain over and above the primordial title, or different from it, is of no effect.
"Nevertheless, if there be several recognitions conformable, supported by possession, one of them being dated thirty years back, the creditor may dispense with the exhibition of the primordial title."
The district judge applied the second paragraph of Article 2271, quoted above, to reach the conclusion that whatever is contained in the correction deed "over and above the primordial title, or different from it, is of no effect". He reasoned under this rule that the correction deed "cannot by implication, contain any material over and above the primordial title or any material different from it which can effectively change the intention of the parties to the original instrument." In effect, this would mean that a correction deed cannot change an original deed. We cannot follow this line of reasoning. It would seem that the very purpose of a correction deed is to admit mutual error and change the original instrument to conform to the true intent of the parties. It is our view that the correction deed in question here is not a "Recognitive Act" and Civil Code Article 2271 has no application to the present case.
LSA-C.C. Article 2271 is found in Book III, Title IV of our Civil Code dealing with "Of Conventional Obligations", and under Chapter 6, which is headed "Of the Proof of Obligations and of That of Payment." Under Chapter 6, Section I deals with "Of the Literal Proof" and contains five subparagraphs as follows: 1. Of Authentic Acts; 2. Of Acts Under Private Signature; 3. Of Registry; 4. Of Copies of Titles; 5. Of Recognitive and Confirmative Acts. Article 2271 has to do with "Recognitive Acts" and Article 2272 deals with "Confirmative Acts." These articles are concerned with the evidentiary proof of obligations and do not provide rules for the substantive construction of written contracts. Planiol, Civil Law Treatise, Vol. 2, No. 115, in discussing Code Napoleon Article 1337, which is the source of our Civil Code Article 2271, defines a "Recognitive Act" as follows:
"The act `recognitif,' called also `new title,' is that which contains a recognition of a prior right, already constituted by another writing which is called `primordial.' The act of recognition is not a simple copy: it carries, as an original, the signatures of persons against whom it can serve: the making of the act of recognition can be used to interrupt prescription; but this is something with which we need not occupy ourselves here. It serves also to facilitate or to assure the proof, when the primordial title is lost or liable to be lost."
See also Planiol, Vol. 2, No. 116-118 for a further explanation of recognitive acts. Also, see Aubry & Rau, Civil Law TranslationsObligations, Section 337 for a discussion of confirmative acts in which the distinction between these and recognitive acts is pointed out.
The "correction deed" in the present case is not a recognitive act. Its purpose is not *173 to recognize the original deed nor to prove its existence. The "correction deed" is a new agreement since it changes the original deed. See Planiol, Vol. 2, Section 117 where he says:
"However, if the parties have manifested the formal intention to adopt a modification, effect should be given to their wishes, but it is then no longer an act of recognition: we would then have, as to all the modifications, of a veritable `primordial' title, creating a new state of affairs. The act containing an innovation is, according to Dumoulin, non tantum probatorius, sed etiam dispositorius."
The Louisiana cases which have applied Civil Code Article 2271 make it clear that these rules deal with the proof of contracts and not with their substantive construction. In Albert Hanson Lumber Company v. Riggs Cypress Company, Ltd., 130 La. 772, 58 So. 567 (1911) the court applied Civil Code Article 2271 where an attempt was made to prove a prior sale of land by a written acknowledgment that the property had been previously sold. The court refused to accept the acknowledgment as proof of the prior deed since it did not recite the tenure of the original instrument. In Banks v. Yarborough, 104 So.2d 283 (La.App. 2d Cir. 1958) the court applied Civil Code Article 2271 in holding that a notarial act, recognizing the existence of a prior deed and mentioning that the former conveyance was lost or mislaid and giving the names of the witnesses and the entire tenure of the original conveyance, sufficed to prove the primordial title and made unnecessary the production of the original deed.
We find no case which applies Civil Code Article 2271 in a situation like the present, where there is no question as to the proof of the original instrument and the recognitive act, the sole issue being their construction.
On an exception of no cause of action, all well-pleaded allegations of fact in plaintiff's petition must be accepted as true and construed most favorably to a cause of action. The exception must be overruled unless it appears that under no evidence admissible under the allegations of plaintiff's petition could a cause of action be proved. Steagall v. Houston Fire & Casualty Insurance Company, 138 So.2d 433 (La.App. 3rd Cir. 1962). Plaintiff has alleged in the alternative that the correction deed is ambiguous. We agree with this contention. Extrinsic evidence is admissible to prove the intention of the parties to the correction deed. If such evidence shows that their intent was to convey the minerals to Mrs. Lorina Marie Reeves, then plaintiff has a cause of action and can recover.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, overruling defendant's exceptions of no cause of action. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendants. Costs in the district court will await a final judgment there.
Reversed and remanded.

ON REHEARING
We granted a rehearing in this case because Mr. Lloyd G. Teekell, attorney of record for the defendants, Mona Ward, S. E. Wilson, John A. Wenner, individually, and as administrator of the Estate of Louis Reeves, Aline Adrian Wilson and Marguerite Reeves Weener, was not notified of oral argument before this court heard on June 14, 1971. On rehearing, all parties were properly notified and given the opportunity to file whatever additional briefs they desired and to present oral argument on November 29, 1971. After considering these additional briefs and oral *174 arguments, we adhere to our original opinion.
For the reasons assigned, our original decision is reinstated and made the judgment of this court.
Original decision of this court reinstated on rehearing.