GLADNEY, Judge.
The plaintiff herein purchased á Dodge truck from Hutton-Donaldson, Inc., a car dealer in Shreveport. He has instituted this suit for the recovery of a portion of the purchase price on allegations that the sale price of the vehicle was misrepresented to him as a result of which he made an overpayment of $650.12. Judgment was rendered for this amount against defendant who has appealed.
On October 8, 1974 Alesce discussed with Danny Hyde, one of defendant’s salesmen, a trade wherein plaintiff would purchase the Dodge truck and receive credit for a trade-in of his used car. A sales contract on defendant’s printed form was prepared by Hyde wherein he listed the selling price of $5878 for the truck and indicated a trade-in allowance of $2211 for petitioner’s 1969 Chrysler station wagon. Also certain charges for taxes, license, etc. were listed, creating a cash balance of $3,828.18 due by plaintiff to the defendant. Plaintiff drew a check for this amount payable to defendant. This check and the contract were presented to defendant’s sales manager Ray Manuel whose approval of the contract was required.
Manuel advised plaintiff he could not approve the contract because Hyde made a ' mistake in listing the selling price of the truck at $5878 rather than the correct amount of $5250. He said the revision of this figure was of no significance to plaintiff inasmuch as the amount which plaintiff would owe, namely $3828.18, would be made the same in the new contract by listing the trade-in allowance as $1583 in lieu of the $2211 given in the Hyde prepared proposal. The record indicates plaintiff made no specific objection to the new contract and agreeably signed it, saying “. . Well, it don’t make any difference as long as I don’t have to pay any more.” Manuel assured him he would not have to pay more and that his check as given to Hyde with the first agreement was sufficient. Plaintiff’s testimony does not dispute that of Manuel and Hyde to the effect that the new contract prior to its execution contained all of the terms as proposed by Manuel. Plaintiff does not dispute their testimony that a copy of the contract was given to him at the time it was signed.
The agreement as consummated is free from ambiguity and plaintiff must be held responsible for having read it before he signed it. It plainly provided:
“This order contains the entire agreement affecting this purchase, and no other agreement, understanding, representation or warranty of any nature concerning same has been made or entered into or is a part of this transaction. . . .”
*508 “I hereby acknowledge receipt of a duplicate copy of this order.”
The first contract as prepared by Hyde was not produced. The second prepared contract was the only completed agreement in writing executed by both parties. The purchase order as prepared by Manuel gave the correct figure and there is no evidence to indicate misrepresentation or fraud. Both parties tendered the consummated contract in evidence and relied upon it without restriction.
The trial judge observed in his reasons for judgment that there were two contracts and that the first contract was the real contract. In this conclusion he erred. The “first” contract was not legally consummated for it did not receive the required approval of Manuel. The “second” written contract was legally completed with full understanding of the parties. Under these circumstances neither party may rely upon prior discussions or understanding to change the terms of the document. LSA-C.C. Art. 2276; Baton Rouge Sash & Door Company, Inc. v. M. A. Saale, 298 So.2d 115 (La.App., 1st Cir. 1974); Piliawsky v. Colar, 112 So.2d 730, (Orl.1959).
The Civil Code articles and authorities cited above indicate the trial court erred in finding two contracts between the parties and that the “first” contract governed the transaction. The judge likewise erred in considering parol evidence insofar as it was inconsistent with the written consummated contract.
By reason of our ruling of the main demand we find it unnecessary to decide ap-pellee’s claim for attorney’s fees.
For the foregoing reasons, the judgment of the trial court is reversed and it is ordered, adjudged and decreed that there be judgment in favor of defendant Hutton-Donaldson, Inc. and against plaintiff Joe Alesce, rejecting the demands of plaintiff. All costs are assessed to plaintiff-appellee.