### FORD v. BAIRD BROS. et al.
### No. 4931.

Court of Appeal of Louisiana. Second Circuit.

May 2, 1935.

Pickett & Moore, of Many, for appellant.

Ponder & Ponder, of Many, for appellees.

DREW, Judge.

Plaintiff instituted this suit for the sum of $485, alleging that between the dates of September 12, 1933, and September 26, 1933, he performed work and labor in the operation of a certain well which was drilled in search of oil and gas in Sabine parish, La., on the S. ½ of the N. W. ¼ of the S. W. ¼ of Sec. 2, Tp. 7, R. 13; and that the labor he performed consisted of cleaning out and deepening said well. He further alleged that the work was performed under a verbal contract with defendant, A. W. Baird; that he had a first lien and privilege on said well, machinery, equipment, appurtenances, appliances, casing, buildings, tanks, and all other structures attached thereto used for the drilling and operation of said well, as well as a lien and privilege on the oil and gas lease covering the above-described property.

He further alleged that defendants had moved a part of the equipment from said lease and that he was informed and believed that defendants were at the time pulling the casing from said well for the purpose of removing same from the lease, which would defeat his lien and privilege thereon; and therefore a writ of provisional seizure was necessary to protect him in the premises.

Plaintiff admits that defendants are residents of Caddo parish, La.

He prayed for personal judgment against defendants in solido, with full recognition and maintenance of his said lien and privilege, and that the writ of provisional seizure issued herein be maintained.

Defendants filed a plea to the jurisdiction ratione personæ, which was sustained. Plaintiff does not complain of this ruling of the lower court. The ruling on the plea was correct. Young v. Reed (La. App.) 157 So. 809.

Defendants then answered denying each allegation of plaintiff's petition; and further answered alleging that A. W. Baird, on behalf of himself and others, entered into a verbal contract with plaintiff to deepen a well located on the property described in plaintiff's petition, for the agreed sum and price of $75 in cash, and $40 per day, to be paid out of the first oil produced, saved, and marketed, if and when said well produced the oil; that the well never produced any oil, and that defendants paid plaintiff the $75 in cash, and there is no further amount due under said contract.

The case was tried, and, after plaintiff introduced his testimony and rested his case, defendants filed an exception of no right or cause of action which, without objection, was referred to the merits. At the conclusion of the trial, the court took the case under ad-

visement, and two days later rendered judgment sustaining the exception of no right or cause or action.

Plaintiff has perfected an appeal to this court.

Since the exception was filed after plaintiff had introduced all his testimony in chief, and was not passed upon until all evidence was produced by defendants, the court could as well have passed upon the merits as upon the exception and, since we find the evidence clearly bears out the contentions of defendants on the merits, we prefer to pass upon the merits of the case; a right which we have.

There were only two witnesses to the verbal contract of employment entered into between plaintiff and A. W. Baird, and they are the plaintiff and Baird. Plaintiff contends that the employment was to clean out and deepen the well for a stipulated price of $40 per day, to be paid in cash at the end of 30 days. He admits the price per day was more than the ordinary price for such work, but was in consideration of his waiting 30 days for his money. He is not corroborated by any one or by any other evidence of any kind in the record.

Mr. Baird contends that the price agreed upon was a cash payment of $75, and $40 per day to be paid out of the oil, if any was produced and saved. If no oil was produced, the $75 was to be the full payment. He paid the $75, which is admitted by plaintiff. Mr. Baird further testified, and is corroborated in his testimony by the other witnesses, that the concern which sold the rig for the well, in the beginning of operations, was paid part cash and the balance in oil, if any was produced. When he bought the last rig to put on the well, just prior to the beginning of work by plaintiff, he bought it from Mr. Atkins for an agreed price of $250, to be entirely paid out of any oil which was produced. If no oil was produced, Atkins was to get nothing. Mr. Atkins corroborated Mr. Baird in this testimony.

Mr. Brogdon worked on the well with plaintiff and testified he was to be paid out of any oil produced, and, since no oil was produced, did not expect or claim any pay.

The great preponderance of the testimony bears out the contention of defendants. It was incumbent upon plaintiff to make out his case with a preponderance of the testimony, and he has completely failed to do so.

The demands of plaintiff were rejected by the lower court, and the judgment dismissing his suit is affirmed, with costs.