REGAN, Judge.
The plaintiff, Dick Trasatti, instituted this suit against the defendants, Marx Jef-fer, and his son, Herman Jeffer, the “procuring” real estate brokers, endeavoring to recover the sum of $482.90, representing damages incurred by plaintiff in relying on defendants’ promise to “split the commission” resulting from the sale of his property, with the “listing” real estate brokers, Kleam & Glenn, Inc.
*231 Defendants, in conformity with the rules of practice prevailing in the First City Court of New Orleans, pleaded the exceptions of “no cause” or “no right” of action and then simultaneously answered denying the pertinent allegations of plaintiff’s petition.
The trial court referred the exceptions to the merits, tried the case fully and then maintained the exception of “no cause” of action and, in conformity therewith, dismissed plaintiff’s suit. Hence this appeal.
Plaintiff, in substance, alleged that Herman and Marx Jeffer, both licensed real estate brokers, informed plaintiff, on October 5, 1953, through its agent, Herman Jef-fer, that they had a prospective purchaser for plaintiff’s “business known as Mansion Lounge,” located in “735-37 St. Joseph Street.” Plaintiff advised Herman Jeffer that “he was still bound on a contract with another realtor, Kleam & Glenn, Inc., * * thereupon Jeffer “quickly informed” plaintiff that “brokers had a working arrangement between them * * * to split the commissions and * * * that he would make the necessary arrangements with Kleam & Glemm, * * The business was sold on October 19, 1953, to Mrs. Helen Coffee for $3,000, through the efforts of Jeffer and, on that day “plaintiff reminded both defendants that a commission was to be split with Kleam & Glenn and again defendants reassured plaintiff that Kleam & Glenn would be taken care of * * *. After the sale plaintiff stopped by Kleam & Glenn’s office and notified Peter Kleam that the sale had been completed and that Marx Jeffer had' his share of the commission”; defendants, when requested, “refused * * * to pay Kleam & Glenn their share of the commission”; Kleam & Glenn then sued plaintiff for the full commission predicated on the “contract of listing” and recovered a judgment from which no appeal was taken, for the principal sum of $300, attorney’s fees in the amount of $75 and court costs of $19.10; plaintiff concludes his petition by asserting that he incurred the foregoing loss “in relying on the promise of defendants to split the commission with their brother realtor” and he is, therefore, entitled to recover the full' amount thereof as damages. ■
Defendants insist that if they have any obligation to plaintiff it could arise only out of their promise to discharge his debt to Kleam & Glenn, Inc.,; such an obligation to pay the debt of a third person is required to be in writing and no written promise was asserted by the plaintiff in his petition, LSA-C.C.Art. 2278, therefore the trial court was correct in maintaining the exception, and dismissing plaintiff’s suit.
It is our opinion that this case is fundamentally a very simple one and not complicated nor encompassed by the foregoing' rationale which, if permitted to apply to the-facts of this case, would result in plaintiff, having to pay a real estate broker’s commission twice for one sale of his property— obviously we cannot condone or affirm such a flagrant miscárriage ■ of justice.
We believe that the foregoing pe-, tition, the facts of which are accepted as true for the purpose of evaluating the validity of the exception, concisely set forth that the plaintiff has been damaged through the actions of the defendants and, therefore, such wrongful conduct is fully encompassed by LSA-R.S. 37:1447, the applicable portion thereof reads:
“Anyone who is injured or damaged by the agent or broker by .any wrongful act done in the furtherance of such' business or by any fraud or misrepresentation by the agent or' broker may sue for the recovery of the damage before any court of competent juris-' diction.”
We are, therefore, of the opinion that the exception of no cause of action should háve-been overruled.
We related hereinabove that the-trial court did not pass upon the exception of no cause of action until after the case' had been fully tried Upon its -merits. Obviously the court ■ could have passed upon' the merits rather that-'the exception if it had so desired. Since -the record is complete we now focus oür attentiori on-the merits there *232 of, a right which we, as an appellate court, possess. Ford v. Baird Bros., La.App.1935, 161 So. 45.
Plaintiff and his wife both testified that they fully informed defendants, through Herman Jeffer, that the property was “listed” with Kleam & Glenn, Inc., and Jeffer assured them that this broker’s commission would be paid.
Peter Kleam related that his office was “listing” agent for the property;. that on the same day, shortly after the sale had been consummated, plaintiff visited his office and informed him that the defendants had sold the property and were “holding” one-half of the commission emanating from the sale thereof for his account. He then contacted defendants’ office and spoke to Herman Jeffer, who ultimately informed him that he had no knowledge, that Kleam & Glenn had been the “listing” agent and, therefore, he refused to pay them one-half the commission.
Defendant, Marx Jeffer, testified that while he admitted knowing that Kleam & Glenn had requested division of the commission, he .denied that plaintiff had ever informed him that the property had been “listed” with those brokers prior to the sale of it to Mrs. Coffee.
The record reflects.that the negotiations for the sale of the property were handled, on behalf of defendants, almost entirely by Herman Jeffer. He admitted receiving a request from Kleam & Glenn for a division of the commission and likewise moré pertinently admitted reluctantly and evasively that the plaintiff had informed him that the property was listed with Kleam & Glenn prior to • the day that he sold it to Mrs. Coffee.
The evidence obviously preponderates in favor of the plaintiff, in fact the whole tenor of the record proves the allegations of plaintiff’s petition. It is clear that it was plaintiff’s intention and defendants’ understanding thereof, in conformity with the rule or custom of the business, that the commission would be divided between the “listing” and “procuring” broker,
We are, therefore, of the opinion that the plaintiff is entitled to recover from the defendants one-half of the commission or the sum of $150, which was retained by the defendants out of the funds emanating from the sale of the property, $75 representing attorney’s fees which plaintiff was required to pay by virtue of his contract with Kleam & Glenn ánd $19.10 court costs, or a total of $244.10.
For the reasons assigned the exception of no cause of action is overruled and it is now ordered that there be judgment herein in favor of the plaintiff, Dick Trasatti, and against the defendants, Marx and Herman Jeffer, in the sum of $244.10 and for all costs.
Reversed.