BLANCHE, Judge.
This controversy centers around an interpretation of the option provisions of the contract to buy and sell realty. Defendants-appellants, Lena, Inc., John R. Grand, Jr., T. Lacy Grand and Jeanne Grand Murphy, are the developers of a residential subdivision known as West Merrydale. In accordance with the plan for the development of the property, they entered into *213 agreements with several parties to sell a number of lots in the subdivision for certain specified prices at specified future dates. One such contract was entered into with one Thomas C. Keating proposing the possibility of a sale of thirty lots in the proposed development. Subsequently, Mr. Keating assigned all of his rights under the contract to the plaintiff-appellee, Choctaw Home Builders, Inc. The contract listed each of the thirty lots by number and assigned to each a designated purchase price. Paragraph 1 of the agreement provides for the purchase of ten specific lots, each with its own set price and designated down payment. Paragraphs 2 through 8 of the contract set forth a general scheme or plan for the development of the subdivision by the owners. Paragraph 9 sets forth the option provisions of the contract in the following language :
“As an additional consideration for this sale and agreement, the Sellers hereby give and grant to the Buyer the option of purchasing each of the following numbered lots in ‘West Merrydale-Third Filing’ for the respective prices set opposite the respective lot numbers upon the following terms and conditions, * * * ” (Exhibit P-1, Record, p. 17)
The remainder of the above-referred to provisions lists twenty lots by number and fixes the price for each. Included therein is Lot 62, the property involved herein. Immediately following are paragraphs 9(c), 9(d) and 10 which form the crux of the controversy and which read as follows:
“(c) Term of the Option:
“(1) This option shall terminate eighteen (18) months after the written notification by Sellers to Buyers to take title to the lots which Buyer has here-inabove agreed to purchase. In order to execute this option, Buyer shall give Sellers notice in writing of his intention to execute this option insofar as there then remain any unselected lots (including substituted lots) in the optioned lots not later than thirty (30) days before the expiration of such eighteen (18) month period and Buyer shall take title and pay the prices (as hereinabove set out) before the expiration of said eighteen (18) month period.
“(2) In the event that the Buyer shall take title to a total of twenty (20) lots, either under the above agreement to purchase or under this option, this option shall become executed and the Buyer shall be bound and obligated to take title and pay for the remaining ten (10) lots simultaneously with the taking of title to the twentieth lot. (In calculating the ‘twentieth’ lot only those lots title to which have not been returned to Seller by Exchange and not repurchased by Buyer shall be used.)
“(d) Termination of Option:
“In the event that this option is not executed in full within the Term of this Option, the Buyer shall have no right to purchase any further lots in ‘West Merrydale-Third Filing^] from present Sellers, and he shall, and he does hereby, bind and obligate himself to execute and deliver to Sellers a recordable instrument formally releasing this option insofar as any lots then remaining under this option are concerned.
“10.
“The parties hereto consent and agree that time is of the essence of this agreement. In the event that the Sellers have complied with the provisions of Paragraphs 2, 3, 4 and 5 above, and the Buyer neglects or fails to complete the sale of the ten (10) lots he is required to purchase under this agreement within the aforesaid fifteen (15) day period after written notice from the Sellers, the Sellers shall be entitled at their option either to specific performance or to terminate this contract (including said option) in its entirety and to retain the payments made herewith as liquidated damages.
*214 “In the event that Sellers have not complied with the provisions of Paragraphs 2, 3, 4 and 5 above, on or prior to March 31, 1965, then, and in that event, the amounts paid by Buyer to Sellers as set forth in Paragraph 1 above shall be returned by Sellers to Buyer and upon such return Buyer shall have no further claims under this contract.” (Exhibit P-1, Record, pp. 18, 19)
When the matter was previously before the Court on appeal,[1] we held that the option provisions of the contract were ambiguous, uncertain and open to more than one possible interpretation and under the authority of Collins v. Brunet, 239 La. 402, 118 So.2d 454 (1960), remanded the same, ordering that parol evidence which had been excluded by the trial judge might be offered to show the true intent of the parties. On remand the trial judge in Written Reasons for Judgment stated:
“It was obvious after listening to all of the evidence that Keating and defendant had a different impression of their respective rights under the agreement. This fact rendered it impossible for the court to determine what the true intent was. Furthermore, and as the Court of Appeal found, it was obvious that the agreement itself was ambiguous and uncertain.
“Paragraph 9(c) (2) indicates that after Keating took title to the twentieth lot that the option ‘shall become executed and the buyer shall be bound and obligated to take title and pay for the remaining ten lots simultaneously with the taking of title to the twentieth lot.’
“Paragraph 9(d) provides that if the option is not executed in full within the terms of the option that Keating shall have no right to purchase any further lots.
“The court feels that the option became executed upon Keating’s taking title to the twentieth lot. .After that time Keat-ing became obligated to take the other ten lots. Defendant could have forced him to do so. The taking of the twentieth lot came before 10-1-66,[2] therefore, it was executed in full within the terms of the option as required by Paragraph 9(d). All defendant had to do after the taking of the twentieth lot was to demand that Keating take the remainder. This defendant did not do but chose to continue on the same lot-by-lot basis as had been previously utilized by the parties.
“Ambiguities in contracts must be construed against the party who prepared the contract. The agreement in question was prepared by defendant, therefore, the ambiguity between Paragraph 9(c) (2) and 9(d) must be construed against defendant. By so doing, the result is as set forth above, that is, the option became fully executed upon the taking of the twentieth lot. Plaintiff is, therefore, entitled to specific performance.” (Written Reasons for Judgment, Record, pp. 24, 25)
We affirm the judgment of the trial court in favor of plaintiff-appellee, Choctaw Home Builders, Inc., and against the defendants-appellants, Lena, Inc., John R. Grand, Jr., and T. Lacy Grand, and reverse the judgment against defendant-appellant, Jeanne Grand Murphy.
Appellee argues that the contract purports to be a purchase agreement for ten lots and as an added consideration an option was granted for an additional twenty lots which included Lot 62, West Merrydale Subdivision. It is contended that paragraph 9(c) of the contract entitled “Term of the Option” has two provisions which set out alternate means of executing the option. Paragraph 9(c) (1) provides that the *215 option may be executed by giving notice of such intent within thirty days prior to the expiration of the option period. It is then submitted that under this provision even if none of the twenty lots had been purchased, the optionee could perfect his rights by giving proper notice at a definite time. It is then argued that the second paragraph, 9(c) (2), offers an alternate manner of executing the option, that is, by taking title to a total of twenty lots, either under the agreement to purchase ten lots or under the option to purchase twenty lots, and that on the taking of title to the twentieth lot the option would become executed and op-tionee would then be bound and obligated to take title to and pay for the remaining ten lots.
Appellee, therefore, denies that these provisions contradict each other and insists that they can be read together and when so read simply provide two methods for the execution of the option, to wit, by notice or by purchasing twenty of the thirty lots subject to the agreement within a certain definite time limit and for a stated price.
Finally, appellee submits that it had complied with the provisions of the option by purchasing twenty lots within the eighteen-month term of the option and that on so doing the option became executed, vesting in it the right to purchase all thirty lots enumerated in the agreement. Thus, on the purchase of the. twentieth lot there existed among the parties an executory contract to sell. It is further pointed out in proof of this construction of the contract that the appellee had actually taken title to twenty-nine of the lots before appellants balked on the thirtieth.
Appellants argue, on the other hand, that such a construction of the contract is unreasonable and illogical because it ignores paragraph 10 of the agreement providing that time was of the essence of the contract. Accordingly, under such a construction no time limit would be placed on appel-lee to take title to the remaining ten lots. Appellants then argue that paragraph 9(c) (2), instead of vesting in appellee a right to take title to the remaining ten lots, amounted only to a unilateral right in the appellants to force appellee to purchase ten lots from the time it took title to the twentieth lot until October 1, 1966, the time when the option expired. To this, ap-pellee counters that Mr. Keating is too experienced a businessman to agree to such a “grandmother clause” and that this is actually contrary to what transpired among the parties. Appellants state that when all the option provisions are read together with paragraph 10 providing that time is of the essence of the contract, then the conclusion is inescapable that the option expired at the end of the eighteen-month period and that appellee had no right to purchase any further lots.
Appellants further advance fourteen additional reasons why their construction of the contract should be adopted. In general, they rely on sound contract construction and interpretation principles and point to the parties’ deeds and actions as evidencing an intent which supports their position. We do not find them persuasive and make the same observation as the trial judge that the evidence does not preponderate one way or the other to determine the true intent of the parties.
While it is also interesting to note that neither of the parties finds the option provisions of the contract ambiguous, we had previously discerned the ambiguous nature of the above-quoted provisions and after remand are strengthened in this position by the diverse appreciation of the parties of their rights thereunder.
We are of the opinion that neither sound rules of contract interpretation nor evidence of the intent of the parties has established a preponderance as to which construction of - the contract shall prevail. However, the evidence shows that here involved is a contract to sell realty prepared by the seller, and any ambiguity as to when title was to transfer in accordance *216 with the terms of the option should be construed against him. LSA-C.C. arts. 1957 and 2474.
We are further of the opinion that there is no basis for liability against Jeanne Grand Murphy, as the record shows that she had sold her interest in the property forming the subject of this suit to the defendant, Lena, Inc.
Therefore, for the above and foregoing reasons, the judgment of the trial court in favor of plaintiff-appellee, Choctaw Home Builders, Inc., and against the defendants-appellants, Lena, Inc., John R. Grand, Jr., and T. Lacy Grand is affirmed; and the judgment against defendant-appellant, Jeanne Grand Murphy, is reversed. The costs of this appeal are to be paid by defendants-appellants, Lena, Inc., John R. Grand, Jr., and T. Lacy Grand.
Affirmed m part, reversed in part and rendered.

. Choctaw Home Builders, Inc. v. Lena, Inc., 223 So.2d 23 (La.App. 1st Cir. 1969).

. The admitted date on which the option was to expire. (Footnote by this Court)