311 So.2d 463 (1975)
Gladys N. Parr, wife of/and Clarence J. PARR
v.
D. H. HOLMES CO., LTD., et al.
No. 6788.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
*464 Salomon & Farmer, I. Bernard Salomon, Richard I. Farmer, New Orleans, for plaintiffs-appellants.
Adams & Reese, Harold A. Thomas, New Orleans, for D. H. Holmes Co., Ltd., and Aetna Casualty and Surety Co., defendants-appellants-appellees.
Bernard J. Capella, New Orleans, for Jet Television Service, Inc., appellee.
Harry S. Hardin, III, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for the Magnavox Co. and *465 Travelers Ins. Co., defendant-appellee-appellant.
Before SAMUEL, LEMMON and BOUTALL, JJ.
BOUTALL, Judge.
This is a suit for damages resulting from a fire in plaintiff's apartment. On August 5, 1971 plaintiff's television set caught fire and burned, causing extensive smoke damage to the Parrs' clothes and furnishings. Plaintiffs have sued the manufacturer and the vendor of the television set, and the television service company which installed and serviced the set, plus all their insurers, alleging negligence.
The plaintiffs in their pleadings allege the television set was defective, that these defects caused the fire, and rely on the evidentiary doctrine of Res Ipsa Loquitur. However, at the trial the plaintiffs did not make any showing of defects or of negligence on the part of any of the defendants. At the close of the plaintiffs' case the defendants made an oral exception of no cause of action which the trial judge referred to the merits. After all the evidence was heard the trial judge rendered judgment sustaining the exception and dismissing plaintiffs' suit.
The plaintiffs have specified as error the fact that the trial judge sustained the exception after evidence had been heard in contravention of CCP article 931.
This exception is designed to test the sufficiency of the petition and all well-pleaded facts in the petition are to be considered as true. No evidence may be introduced at any time to support this exception and the trial judge is compelled to view the petition alone in making his decision. American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970); Borenstein v. Joseph Fein Caterers, Inc., et al, 308 So.2d 396, Court of Appeal, 4th Circuit, docket number 6668, decision handed down on February 13, 1975. While it is true that no evidence may be introduced to support or controvert an exception of no cause of action, it is also true that CCP article 2164 allows this court to render any judgment which is just upon the face of the record. This exact situation arose in the case of Ford v. Baird Bros., 161 So. 45 (La.App.2nd Cir. 1935) and in that case the court stated:
"Since the exception was filed after plaintiff has introduced all his testimony, in chief, and was not passed upon until all evidence was produced by defendants, the court could as well have passed upon the merits as upon the exception and, since we find the evidence clearly bears out the contentions of defendants on the merits, we prefer to pass upon the merits of the case; a right which we have."
This same ruling has been followed by this court. Trasatti v. Jeffer, 86 So.2d 230 (La.App.Orls.1956); Lyell v. U.S. Fidelity & Guaranty Co., 117 So.2d 290 (La. App.Orl.1960). See also Novick v. de la Vergne, 188 So.2d 128 (La.App.4th Cir. 1966); State v. Toole, 173 So.2d 872 (La. App.4th Cir. 1965).
The plaintiffs in relying on Res Ipsa Loquitur must make an attempt to prove circumstances which raise an inference of negligence on the part of defendants. This burden of proof was described in the case of Hanover Insurance Co. v. Jacobson-Young, Inc., 294 So.2d 564 (La. App.4th Cir. 1974).
"Plaintiff bears the burden of proving negligence by a preponderance of the evidence, direct or circumstantial. Nevertheless, plaintiff has successfully borne his burden when the evidence taken as a whole indicates that the defendant's negligence was the most plausible or likely cause of the casualty and that no other factor can as reasonably be ascribed as the cause. Boudreaux v. American Ins. Co., 262 La. 721, 264 So. 2d 621 (1972)." *466 The plaintiffs in the case at bar failed to show or even attempt to show any negligence on the part of defendants. Nevertheless the plaintiffs could still recover if the evidence as a whole indicated that it was more probable than not that the defendants actually were negligent. The defendants in this case did more than merely deny negligence, they showed by a preponderance of the evidence that the fire was caused by lightning.
The defendants brought forth the following facts as to the cause of the fire: 1) Plaintiffs alleged that the television set "exploded". Captain Dietze, the fireman in charge at the scene, testified that the picture tube (generally the item that explodes in a television set) did not explode until his men sprayed water on it. 2) The internal components of the television set were self-extinguishing, yet they were completely burned or melted, suggesting an external rather than an internal cause of the fire. 3) There was a large hole in the wall behind the television set and the sheetrock part of the wall had been thrust into the room, suggesting that if any explosion occurred it was external to the wall. 4) A water pipe in this wall had been broken either because of heat separating a solder or a violent force separating it. 5) The wood casing of the television set had been completely burned. Defendant's expert witness testified that the internal parts of the set could never cause the wood casing to burn, but if the wood casing were set afire from an external source that would account for the burned and melted condition of the internal parts. 6) A steel component inside the set had a small hole melted through it. The expert testified that steel does not melt from ordinary fires, but only from very high intensity heat sources such as lightning.
The Hanover case places the burden upon plaintiff to show that circumstances existed which reasonably indicated the incident was caused by the defendant's negligence ". . . and that no other factor can as reasonably be ascribed as the cause." We feel that plaintiffs have not carried this burden since defendants have reasonably shown lightning was at least an equally plausible cause of the fire. We dismiss their suit on the merits.[1]
The judgment of the lower court dismissed plaintiffs' suit on the exception of no cause of action; we amend this judgment to dismiss plaintiffs' suit on the merits, and as thus amended, we affirm at plaintiffs-appellants' costs.
Amended and affirmed.
NOTES
[1] Although plaintiffs did not specifically seek redhibition, they did complain in their application for new trial of the failure of the trial court to grant this relief. Since the overall evidence does not establish any defect in the set existing at the time of its manufacture or sale, plaintiffs have failed to prove entitlement to redhibition.