MILLER, Judge.
Plaintiff Lorena St. Amant Mire appeals the dismissal of her claim against defendant Fidelity & Casualty Company of New York on its exception of no cause of action. F&C attached its insurance policy to its exception and based its exception on a policy exclusion. We reverse.
LSA-C.C.P. art. 931 excludes the taking of evidence to support the objection that the petition fails to state a cause of action. In ruling on an exception of no cause of action, only the well-pleaded facts in plaintiff’s petition or documents attached thereto can be considered. Documents not attached to plaintiff’s petition are excluded. American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970); Parks v. Winnfield Life Insurance Company, 336 So.2d 1021 (La.App. 3 Cir. 1976).
The peremptory exception of no cause of action tests the legal sufficiency of the petition. The correctness of well-plead allegations of fact is conceded insofar as the exception is concerned, and the issue is whether the face of the petition presents a case which legally entitles plaintiff to the redress sought. Hero Lands Company v. Texaco, 310 So.2d 93 (La.1975).
Plaintiff’s petition alleges that her injuries resulted from negligence on the part of the Vermilion Parish Police Jury and she is entitled to damages; that F&C issued a policy of general liability and com *353 prehensive general insurance to the Police Jury, which policy was in full force at the time of the alleged accident; and that the policy covered the matters, persons and things which are the subject of this lawsuit. Plaintiffs petition stated a cause of action against F&C.
Had F&C presented its arguments on a motion for summary judgment, the trial court could have considered the policy defense. F&C’s effort to affirm the trial court is based on its policy defense, and that cannot be considered on this exception of no cause of action.
The judgment dismissing Mrs. Mire’s claim against F&C also dismissed the claim of third-party plaintiff Nelson St. Amant. He did not appeal the judgment but has filed a brief contending the dismissal should also be overruled as to him. Nelson St. Amant did not appeal or file an appeal bond within the time set by law, and thus the dismissal of his claim against F&C is final. LSA-C.C.P. arts. 1974, 2087, 2121, 2123 and 2124.
Insofar as the trial court judgment dismissed Mrs. Mire’s suit against F&C, the judgment is set aside and reversed. The case is remanded for further proceedings. Costs of this appeal are taxed to appellee F&C.
In part, REVERSED and REMANDED.
HOOD, J., concurs and assigns written reasons.