STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-563


LAVELLE W. AYCOCK, ET AL.

VERSUS

DANIEL CHICOLA

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-81275, DIV. A
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Shannon J. Gremillion, Judges.

REVERSED AND REMANDED.


Robert Edgerton Bethard
Bethard & Bethard
P. O. Box 1362
Coushatta, LA 71019
(318) 932-4071
Counsel for Defendant/Appellee:
Daniel Chicola

Jeffrey Howerton Thomas
Thomas Law firm
P. O. Drawer 548
Natchitoches, LA 71458-0548
(318) 352-6455
Counsel for Plaintiffs/Appellants:
Arden J. Lea
Lavelle W. Aycock
South Texas Partners, LLC

**William Roby Jones**
**Jones & Adams**
**P. O. Box 598**
**Coushatta, La 71019-0598**
**(318) 932-4011**
**Counsel for Intervenors/Appellees:**
**United Country/Gaddis Realty**
**Edgar Gaddis, Inc.**

**SAUNDERS, Judge.**

This is a case that involves a dispute over whether two parties agreed to sell property. The buyer claims that the seller agreed to sell the land, then refused to transfer the property as per the real estate agreement.

The buyers filed suit attaching a document to their petition that they argue is a contract confected by the defendant/appellee to sell the property. The buyers then supplemented that petition and attached another document to that supplementation. They claimed, in the alternative to a finding that the first purported contract was not a valid contract, that this document was the confected contract to sell the property.

The purported sellers filed an exception of no cause of action claiming that the two documents are not valid contracts to sell land. The district court granted the seller's exception and dismissed the buyer's claims. We reverse and remand, finding that the buyers' petition stated a valid claim for relief.

**FACTS AND PROCEDURAL HISTORY:**

In March of 2008, Daniel Chicola (Chicola) was the owner of approximately 295 acres of property situation in Natchitoches Parish. Chicola decided to offer this property for sale and entered into a exclusive right to sell listing agreement with M.L.S., Inc. that appointed United Country/Gaddis Realty to assist in selling this property. Robbie Simmons (Simmons), an employee of United Country, contacted Levell W. Aycock to purchase this property.

On April 17, 2008, Aycock, Arden J. Lea, and South Texas Partners, L.L.C. (collectively Aycock), met with Simmons regarding the sale of the property. A document entitled "Real Estate Buy/Sell Agreement," that contained the terms reflecting Aycock's offer to purchase the land, was created. This document was then given to Chicola to contemplate the offer. Chicola made two changes to the offer: (1)

Chicola extended the date that physical transfer of the property was to take place by three months to allow time to bring in a crop on the land; and (2) Chicola deleted a provision regarding the right of access to the property and noted that the property had access by way of a back lot that was to be part of the sale of the land. Chicola then signed the document and checked a box labeled Counter Offer.

On April 18, 2008, Aycock, thinking that a contract was confected, created a bank money order in the amount of $7,500.00 for the deposit required in the April 17, 2008, document. After discussions allegedly ensued regarding $30 per acre monthly cash rent to be paid for the additional three months referenced by Chicola, on April 21, 2008, another document was created. That document reflected the cash rent and was silent regarding access to the property. Aycock signed this document and sent the document to Chicola's realtor.

Chicola later refused to perform in accordance to the alleged contract(s). Aycock filed suit against Chicola on April 30, 2008, requesting, specific performance or damages for breach of contract. Aycock supplemented his petition on June 18, 2008. Edgar Gaddis, Inc. doing business as United Country/Gaddis Realty filed an intervention in the proceedings to recognize that, should Aycock be successful in his petition, its three percent commission be recognized. On July 16, 2008, Chicola filed a peremptory exception of no cause of action. In November 2008, after a hearing, the district court rendered its ruling and judgment that granted Chicola's exception. Aycock filed this appeal, alleging the following four assignments of error:

**ASSIGNMENTS OF ERROR:**

1.  The District Court erroneously applied the legal standard for deciding an Exception of No Cause of Action.

2.  The District Court erroneously found that the payment of the deposit

2

was not an unequivocal acceptance by Aycock of Chicola's "Counter Offer."

3.  The District Court erroneously concluded that the signature by Aycock on the April 21, 2008 Buy/Sell Agreement was not an acceptance of Chicola's "Counter Offer."

4.  The District Court erroneously concluded that the April 21, 2008 Buy/Sell Agreement was not a binding offer by Chicola and accepted by Aycock.

**ASSIGNMENT OF ERROR NUMBER ONE:**

Aycock  argues in brief that the district court erroneously applied the legal standard for deciding an exception of no cause of action.   We find that this assignment of error is moot given that the remedy to this assignment is the same as the standard of reviewing an exception of no cause of action.

The standard of review when an appellate court is presented with an exception of no cause of action is well-settled.  Our Supreme Court, in *Ramey v. DeCaire*, 03-1299, pp. 7-8 (3/19/04), 869 So.2d 114, 118-19 (citations omitted), stated the following:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant.  The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading.  No evidence may be introduced to support or controvert an exception of no cause of action. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true.  The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.
>
> Louisiana has chosen a system of fact pleading.  Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action.
>
> The burden of demonstrating that the petition states no cause of action is upon the mover.  In reviewing the judgment of the district court

relating to an exception of no cause of action, appellate courts should conduct a de novo review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief.

The standard of review stated above entitles Aycock to a *de novo* review of the record, as he has appealed a district court's decision on an exception of no cause of action. Aycock, in his assignment of error, alleges that the district court committed an error of law. When such an error of law is committed by a lower court, the appellate court should conduct a *de novo* review of the record. *Lasha v. Olin Corp.*, 625 So.2d 1002 (La.1993). Thus, regardless of whether the district court applied the incorrect legal standard for an exception of no cause of action, Aycock is entitled to a *de novo* review of the record. Accordingly, we will conduct that *de novo* review to determine whether Chicola's exception of no cause of action was correctly granted.

In the case before us, Aycock's original petition had a document attached to it dated April 17, 2008, that is entitled REAL ESTATE BUY/SELL AGREEMENT. Attached to Aycock's first amended and/or supplemental petition was a document dated April 21, 2008, again entitled REAL ESTATE BUY/SELL AGREEMENT. While the standard of review cited above makes no mention of whether this court can consider these attachments for purposes of reviewing an exception of no cause of action, this court, in *Mire v. Fidelity & Casualty Co. of New York*, 338 So.2d 351, 352 (La.App. 3 Cir. 1976)(emphasis added), stated, "[i]n ruling on an exception of no cause of action, only the well-pleaded facts in plaintiff's petition *or documents attached thereto* can be considered." Therefore, when we conduct our *de novo* review of the record before us, we will not only consider Aycock's petition and its supplement, we will also consider these two documents attached to the petition to

4

determine whether Aycock, when construing all allegations in Aycock's petition in a light most favorable him and with every doubt resolved Aycock's favor, the petition states any valid cause of action for relief that Aycock is legally entitled to seek.

In the original petition Aycock sought a judgment ordering Chicola to specifically perform his obligations or to pay damages for breach of contract under the terms of the April 17, 2008, document. In the alternative, Aycock sought an injunction ordering Chicola to execute an original cash sale deed for the property referenced in the April 17, 2008, document. In the supplement to his petition Aycock sought a judgment declaring that the April 21, 2008, document is a written promise to sell the property by Chicola. Further, Aycock sought a judgment ordering Chicola to specifically perform his obligations or to pay damages for breach of contract under the terms of the April 21, 2008, document. In the alternative, Aycock again sought an injunction ordering Chicola to execute an original cash sale deed for the property referenced in the April 21, 2008, document.

Louisiana Civil Code Article 2439 states that a "[s]ale is a contract whereby a person transferring ownership of a thing to another for a price in money. The thing, the price, and the consent of the parties are requirements for the perfection of a sale." Louisiana Civil Code Article 2440 states that "[a] sale or promise of sale of an immovable must be made by authentic act or by act under private signature, except as provided in Article 1839."[1]

Given the requested relief and the applicable code articles, in order to defeat Chicola's exception of no cause of action, Aycock must allege in his petition that

---

[1] Louisiana Civil Code Article 1839 creates an exception to the requirement of La.Civ.Code art. 2440 that the sale of immovable property must be by authentic act or by act under private signature. It validates an oral transfer "when the property has been actually delivered and the transferor recognizes the transfer when interrogated on oath." La.Civ.Code art. 1839. Here, the property was not actually delivered, thus, the exception in Article 1839 does not apply.

there was an act under private signature or authentic act where the thing to be sold is identified, the price for that thing is identified, and the consent of both parties to the sale is indicated. Further, Aycock must allege that Chicola failed to perform his obligations under the alleged act under private signature or authentic act in some manner. We find that Aycock's original petition meets these requirements.

In Paragraph two of his original petition it is clear that Aycock's allegation specifically identifies the thing to be sold in the purported sale:

2.

Lot 1 of Block E of Addition #1 to Greenville Park Subdivision as the same is more fully shown on a plat of survey prepared by R.L. Gunter, R.L.S. dated December 17, 1968, and filed of record in Map Book 1, page 547, map slide 108 A of the records of Natchitoches Parish, Louisiana.

AND

That certain piece, parcel or tract of ground containing 295 acres, more or less located in Section 84, Township 10 North, Range 7 West, and Sections 19 and 30, Township 10 North, Range 6 West, Natchitoches Parish, Louisiana, and being more particularly described by reference to Exhibit "A" attached hereto and made a part hereof.

(The above described properties hereinafter referred to as the "Chicola Properties")

In Paragraph three of his original petition Aycock's allegations establish that there was a price for the thing to be sold and that an act under private signature or authentic act was created by the parties in order to sell the thing at that price:

3.

Petitioners show that on April 17, 2008 Lavell W. Aycock, individually and on behalf of the other petitioners, executed a "Real Estate Buy/Sell Agreement" (the "April 17, 2008 Real Estate Contract), offering to purchase the Chicola properties for the price and sum of $725,000.00, which offer was tendered to and received by the defendant, Daniel Chicola. A copy of the April 17, 2008 Real Estate Contract is attached hereto and made a part hereof as Exhibit "B".

6

Aycock's allegations in Paragraphs five, six, seven, and eight of his original petition establish the consent of both parties to the sale of the thing for the price in the above alleged act under private signature or authentic act:

5.

Upon completion of the black spaces, the April 17, 2008 Real Estate Contract was signed by Aycock, individually and on behalf of South Texas Parties, L.L.C., a Louisiana Limited Liability Company which was to have been formed by Aycock's Natchitoches attorney, the members of which include Aycock and Lea.

6.

The completed April 17, 2008 Real Estate Contract was then tendered to the defendant, Daniel Chicola, who made two handwritten revisions to lines 23 and 123 of the April 17, 2008 Real Estate Contract, which April 17, 2008 Real Estate Contract was then signed by this defendant and returned to Aycock, all as will be more fully shown by reference to page 3 of Exhibit "B".

7.

The two revisions to lines 23 and 123 of the April 17, 2008 Real Estate Contract were immaterial to the price, object and consent of the parties and consisted of the following:
Line 23: hand written date of "10/1/01" initialed by this defendant, instead of "[7]/1/08" which was originally typed on line 23.
Line 123: hand written provision of "Lot on back property goes with property for access." which was initialed by this defendant.

8.

The original of the April 17, 2008 Real Estate Contract was then returned to Aycock who issued a Bank Money Order no.: 159543, drawn on the Gibsland Bank & Trust Co. payable to the order of the listing agent, United Country/Edgar Gadis Realty, in the sum of $7,250.00, the amount of the deposit provided for in the April 17, 2008 Real Estate Contract. On April 18, 2008, Aycock returned both the original of the April 17, 2008 Real Estate Contract bearing the signatures of Aycock and Chicola, together with the Bank Money Order for the deposit to the account of the defendant's real estate agent, Robbie Simmons, thus acknowledging acceptance of the revised terms and conditions of the April 17, 2008 Real Estate Contract. A copy of the Gibsland Bank Money Order is attached hereto as Exhibit "C".

7

Finally, the allegation in Paragraph nine of Aycock's original petition establishes that Chicola failed to perform his obligation under the act under private signature or authentic act:

9.

> The defendant refused to comply with the terms and provisions of the April 17, 2008 Real Estate Contract by refusing to execute an instrument translative of title to the Plaintiffs and thus the defendant has failed to perform in accordance with its terms.

Chicola argues that the document attached to Aycock's original petition was not a contract for various reasons not pertinent to this particular issue on appeal. Chicola's argument is misguided, for regardless of whether the attached document is actually a valid contract to sell land, Aycock has alleged all that is necessary under the law to defeat an exception of no cause of action. Whether the contract is valid, i.e. whether the allegations are ultimately established to be true, is more suitable for summary judgment or some other procedural vehicle not at issue before this court.

Therefore, we find that the district court erred in granting Chicola's exception of no cause of action. When viewed in a light most favorable to Aycock and with every doubt resolved in his favor, his original petition states a valid cause of action for relief. Accordingly, we reverse the district court's judgment dismissing Aycock's claims against Chicola, and remand the case for further proceeding.

**CONCLUSION:**

Aycock raised four assignments of error, the first of which was that the district court erroneously applied the legal standard for deciding an exception of no cause of action. We find that regardless if Aycock is correct, he is entitled to a *de novo* review of the record given that this type of review is the standard for this exception. After conducting that review to determine whether the granting of an exception for no

8

cause of action was appropriate, we find that a judgment dismissing Aycock's claims against Chicola based on a finding of no cause of action was incorrect.

Therefore, we reverse the district court's judgment and remand the case for further proceedings not inconsistent with this opinion. The remaining assignments of error raised by Aycock are pretermitted by our finding in assignment of error number one. The costs of this proceeding are to be paid by Chicola.

**REVERSED AND REMANDED.**